UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MIKE MILLER,

        Petitioner,                    Case No. 08-10990
                                                            Honorable David M. Lawson

v.

THOMAS K. BELL,

        Respondent.
_____/

**OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

The petitioner, Mike Miller, presently confined at the Gus Harrison Correctional Facility in Adrian, Michigan, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petitioner was convicted on his plea of no contest in the Genesee County, Michigan circuit court of first-degree home invasion, Mich. Comp. Laws § 750.110a(2). He was sentenced as a second habitual offender to 118 months to thirty years imprisonment. The petitioner alleges that the state trial court incorrectly scored his sentencing guidelines. He also alleges that his Sixth Amendment right to trial by jury was violated by the trial court's use of factors to score his sentencing guidelines that had not been submitted to a jury and proven beyond a reasonable doubt or admitted to by the petitioner.

The petitioner's first claim – that the state trial court incorrectly scored or calculated his sentencing guidelines range under the Michigan Sentencing Guidelines – is not a cognizable claim for federal habeas review, because it is based solely on state law claim. *See McPhail v. Renico,* 412 F. Supp. 2d 647, 656 (E.D. Mich. 2006). Although the petitioner had a constitutional right not to be sentenced on "misinformation of constitutional magnitude," *Roberts v. United States*, 445 U.S. 552, 556 (1980) (quoting *United States v. Tucker*, 404 U.S. 443, 447 (1972)), the essence of his

argument is that the trial court mis-scored the sentencing guidelines by finding that the petitioner had an intent to kill or to do great bodily harm and that the petitioner inflicted "aggravated physical injury" on the victim. "A federal court may not issue the writ on the basis of a perceived error of state law," *Pulley v. Harris*, 465 U.S. 37, 41 (1984), and a claim that the trial court mis-scored offense variables in determining the state sentencing guidelines is not cognizable on habeas corpus review. *See Cook v. Stegall*, 56 F. Supp. 2d 788, 797 (E.D. Mich. 1999).

The petitioner's second claim is that the trial court judge violated his Sixth Amendment right to a trial by jury by using factors to score his sentencing guidelines that had not been submitted to a jury and proven beyond a reasonable doubt or admitted to by the petitioner. The petitioner believes that *Blakely v. Washington,* 542 U.S. 296 (2004), and *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000), support his position. However, the claim that Michigan's sentencing guideline system, wherein judge-found facts are used to establish the minimum sentence of an indeterminate sentence, violates the Sixth Amendment has been foreclosed by the Sixth Circuit's decision in *Chontos v. Bergius*, No. 08-1031, __ F.3d __ (6th Cir., Nov. 10, 2009). This Court is bound by that decision.

The Court finds, therefore, that the petitioner is not presently in custody in violation of the Constitution or laws of the United States.

Accordingly, it is **ORDERED** that the petition for a writ of habeas corpus is **DENIED.**

                                                  s/David M. Lawson
                                                  DAVID M. LAWSON
                                                  United States District Judge

Dated:   November 12, 2009

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on November 12, 2009.

         s/Teresa Scott-Feijoo
         TERESA SCOTT-FEIJOO